FILED

UNITED STATES DISTRICT COURT   2026 JUL -6 PM 2: 38

WESTERN DISTRICT OF TEXAS   CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION   BY _____ AG
DEPUTY

|  |  |
|---|---|
| IN RE DMCA SUBPOENA TO X CORP. | ) <br> ) Case No. 1:26MC01819 UA <br> ) <br> ) <br> ) NOTICE OF FILING OF MISCELLANEOUS <br> ) CASE FOR ISSUANCE OF SUBPOENA <br> ) PURSUANT TO 17 U.S.C. § 512(h); <br> ) DECLARATION IN SUPPORT THEREOF; <br> ) STIPULATION REGARDING SAME <br> ) |

**TO THE CLERK OF COURT:**

Petitioner Paramount Pictures Corporation ("Paramount"), through undersigned counsel

and its authorized representatives, hereby submits the attached for filing as a miscellaneous case

and requests that the Clerk of this Court, pursuant to the Digital Millennium Copyright Act

("DMCA"), 17 U.S.C. § 512(h), issue the attached proposed subpoena to X Corp. ("X") to

identify the alleged infringer(s) of Paramount's copyrighted work.

This matter concerns the unauthorized publication of content infringing Paramount's

copyright in the unreleased motion picture, *The Legend of Aang: The Last Airbender*. On April

12, 2026, Paramount submitted a notification to X, pursuant to 17 U.S.C. § 512(c)(3)(A),

identifying two posts published by the X account @ImStillDissin that infringe that copyrighted

work. As set forth in the accompanying Declaration of Kevin Shuai, Paramount seeks identifying

information for the individual(s) who operate the @ImStillDissin account so that it may pursue

its claims for copyright infringement, and obtain and verify that account information which only

X Corp. holds.

Paramount has satisfied the requirements for issuance of a subpoena pursuant to 17

U.S.C. § 512(h), namely:

(1) Paramount has attached hereto a copy of the notification required by 17 U.S.C. § 512(c)(3)(A);

(2) Paramount has concurrently filed a proposed DMCA subpoena; and

(3) Paramount has attached hereto the sworn Declaration of Kevin Shuai confirming that the purpose for which the proposed subpoena is sought is to obtain the identity of the alleged infringer(s), and that such information will only be used for the purpose of protecting the copyright owner's rights under U.S. Code Title 17.

Having complied with all statutory requirements under 17 U.S.C. § 512(h), Paramount respectfully requests that the Clerk expeditiously issue and sign the proposed subpoena pursuant to 17 U.S.C. § 512(h)(4) and return it to undersigned counsel for service on the subpoena recipient.[1]

---

[1] Paramount does not concede that courts must apply First Amendment scrutiny when determining whether to unmask an anonymous speaker. *See Arista Records Ltd. Liab. Co. v. Doe*, 604 F.3d 110, 118 (2d Cir. 2010). However, X takes the position that, before such disclosure, a court should require notice, a prima facie showing of infringement, and a balancing of the harm to the party seeking disclosure against the speaker's interest in anonymity, citing cases such as *In re Anonymous Online Speakers*, 661 F.3d 1168, 1173 (9th Cir. 2011); *In re DMCA § 512(h) Subpoena to Twitter, Inc.*, 608 F. Supp. 3d 868, 877 (N.D. Cal. 2022); *see also Ent. v. Does 1 - 1,427*, No. 2:11-CV-269, 2012 WL 12897376, at *2 (E.D. Tex. Mar. 16, 2012). Although Paramount disputes that this standard applies here, even if it did, Paramount has satisfied any applicable First Amendment safeguards, as set forth herein.

---

IN RE DMCA SUBPOENA TO X CORP

DATED: July 6, 2026

MUNGER, TOLLES & OLSON LLP

Heather E. Takahashi
(admitted in W.D. Tex.)
350 South Grand Avenue, Fiftieth Floor
Los Angeles, California 90071-3426
Telephone: (213) 683-9100
Fax: (213) 687-3702
heather.takahashi@mto.com

Attorneys for Petitioner
Paramount Pictures Corporation